UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISLEE CARDINAL HALL, | Case No.: 14-CV-01404-LHK |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE |
| v. | |
| APOLLO GROUP, INC., et al., | |
| Defendants. | |

Currently before the Court is Defendants Apollo Group, Inc. ("Apollo") and University of Phoenix, Inc.'s ("UOP") (collectively, "Defendants") Motion to Dismiss Krislee Cardinal Hall's ("Hall") Complaint. ("Mot.") ECF No. 8. Also before the Court is Hall's Request to Schedule Rule 16 Scheduling Conference. ECF No. 39. Pursuant to Civil Local Rule 7-1(b), the Court concludes that this matter is appropriate for determination without oral argument and accordingly VACATES the hearing and case management conference scheduled for September 4, 2014, at 1:30 p.m. Having considered the submissions of the parties and the relevant law, the Court hereby GRANTS Defendants' Motion to Dismiss without prejudice. Hall's Request to Schedule Rule 16 Scheduling Conference is DENIED.

**I.  BACKGROUND**

   **A.  Factual Background**

1

Case No.: 14-CV-01404-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

Defendant Apollo provides educational programs at the high school, college, and graduate levels. ("Compl.") ¶ 5, ECF No. 203. Apollo's subsidiary, Defendant UOP, offers associates, bachelors, masters, and doctoral degree programs in a number of fields, including criminal justice. *Id.* ¶ 6. Hall received a Bachelor of Science in Criminal Justice Administration from Phoenix in 2006 and "completed online classes for Masters of Justice and Security Administration" in 2008. *Id.* ¶ 4. However, Hall was unable to obtain a job in the criminal justice field. *Id.* ¶¶ 20-21. On March 26, 2014, Hall, proceeding *pro se*, filed the present action, asserting claims against Apollo and Phoenix for: (1) fraud; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) concealment; (5) reliance; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) false promise; (9) intentional misrepresentation; (10) negligent misrepresentation; (11) opinions as statement of fact; and (12) invasion of privacy. *Id.* at 1.

The facts underlying all twelve of Hall's asserted causes of action are essentially the same. Specifically, Hall alleges that Defendants made various misrepresentations to her regarding the nature and value of her criminal justice degrees. Hall alleges that prior to enrolling at UOP in June of 2004, Robert Jacobs, "an employee and authorized agent of [D]efendants]," informed Hall that "credits obtained from education at defendants['] institutions were and would be transferrable to any university or college," and that Hall would have lifetime access to UOP's "Student Resource Center[s]." *Id.* ¶¶ 10-11. Hall alleges that Joan Rodrigues, the "manager/director" of UOP's Fremont campus, similarly represented that credits from UOP would be transferable to any other learning institution. *Id.* ¶¶ 15, 28. Hall further alleges that Rodrigues and various UOP professors told her at various times during Hall's time as a student at UOP that a degree in criminal justice from UOP would enable Hall to get a job as an FBI special agent. *Id.* ¶¶ 16-19, 28.

Hall maintains that these representations were false. Hall contends that upon applying for a job with the FBI, which Hall claims to have done in 2008, 2009, and 2010, she discovered that her degrees from UOP did not qualify her for a position as an FBI special agent. *Id.* ¶ 28. Hall further contends that she discovered that her credits from UOP were not transferable to "any university or

2

Case No.: 14-CV-01404-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

1   college" in October 2011, when she unsuccessfully attempted to transfer her credits to law school.

2   *Id.* Hall also claims that she was prevented from using a UOP student resource center for personal

3   business in spite of Defendants' representation that she would enjoy lifetime access to these

4   centers. *Id.* ¶ 30.

5       Hall identifies additional purported misrepresentations made by UOP employees. Hall

6   claims that Joan Rodrigues claimed to have an MBA when she did not. *Id.* ¶ 34. Hall also alleges

7   that several of her professors lied about their academic credentials and professional achievements.

8   *Id.* ¶¶ 16-18.

9       **B.**    **Procedural History**

10      Hall filed the Complaint in this action on March 26, 2014. ECF No. 1. The Complaint is

11  nearly identical to a Second Amended Complaint filed in *Bernstein v. Apollo Group, Inc.*, Case No.

12  13-CV-01701.[1] *Compare id.*, *with* Case No. 13-CV-01701, ECF No. 203. Accordingly, upon

13  motion of Defendants, Case No. 13-CV-01701, ECF No. 210, the Court related the *Bernstein* and

14  *Hall* cases on April 28, 2014. ECF No. 19.[2]

15      Defendants moved to dismiss the Complaint on April 21, 2014.[3] Mot. Hall filed an

16  "Opposition" to the Motion on April 23, 2014, in which Hall principally objected to Defendants'

17  contention that the *Bernstein* and *Hall* actions were related. *See* ECF No. 13. Hall's April 23 filing

18  also objected to Defendants', apparently erroneous, title of their Motion as a Motion to Dismiss a

19  "Second Amended Complaint" on the ground that Hall had filed only one complaint. *See id.*

---

[1] Hall had previously sought joinder in the *Bernstein* action, which this Court had denied on the ground that the basis for joinder was inadequately explained. *See* Case No. 13-CV-01701, ECF No. 201 at 10-11. Although the instant complaints in the *Bernstein* and *Hall* actions are substantively identical, the Court addresses Defendants' motion to dismiss Ms. Bernstein's Second Amended Complaint in a separate order. *See* Case No. 13-CV-01701, ECF No. 284.

[2] Unless otherwise noted, all remaining ECF citations are to Case Number 14-CV-01404.

[3] Defendants accompanied the Motion to Dismiss with a Request for Judicial Notice. ("RJN") ECF No. 9. Defendants ask the Court to take judicial notice of four documents filed in the *Bernstein* action. *See id.* The Court finds that these documents are all proper subjects for judicial notice, as they are publicly available court documents filed in another case. *See, e.g.*, *Chrisanthis v. United States*, No. 08-2472, 2008 WL 4848764, at * 1 (N. D. Cal. Nov. 7, 2008); *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1233 (E.D. Cal. 2003). Accordingly, the Court GRANTS Defendants' Requests for Judicial Notice.

1  On April 29, 2014, Hall filed a "Response to Opposition" that again objected to the title of Defendants' Motion to Dismiss. *See* ECF No. 23. The April 29 filing also stated that *pro se* pleadings are to be liberally construed and that Hall should be given leave to amend in the event the Complaint is dismissed. *See id.* Also on April 29, 2014, Hall filed "Objections" to the Court's order relating the *Bernstein* and *Hall* actions. ECF No. 24.

Defendants filed a Reply in support of the Motion to Dismiss on May 12, 2014. ECF No. 34. Hall responded with a "Surreply to Reply" on May 13, 2014. ECF No. 35. On May 16, 2014, Hall filed a Request to Schedule Rule 16 Scheduling Conference. ECF No. 39.

Since the inception of this case, Hall has also filed numerous motions seeking to compel discovery. *See* ECF Nos. 36-37, 42-43, 45-46, 55. Magistrate Judge Grewal denied these motions without prejudice to their renewal pending this Court's ruling on Defendants' instant Motion to Dismiss. *See* ECF No. 72 at 2.

## II. LEGAL STANDARD

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When determining whether a claim has been stated, the Court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

4

Case No.: 14-CV-01404-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Complaints drafted by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court has an obligation to construe *pro se* pleadings liberally and to afford the plaintiff the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (internal quotation marks omitted). "'[B]efore dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.'" *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III.   DISCUSSION

Even under the liberal pleading standard afforded to *pro se* litigants, the Court concludes that the Complaint fails to state any plausible claim for relief. The Court will address each of Hall's claims in turn, before turning to the question of whether to grant leave to amend.

#### A.   Fraud (Claims 1, 4, 5, 8, 9, 10, 11)

The Complaint raises numerous claims for fraud. Specifically, Hall's claims for fraud (claim 1), concealment (claim 4), reliance (claim 5), false promise (claim 8), intentional misrepresentation (claim 9), negligent misrepresentation (claim10), and opinions as statements of fact (claim 11), all rely on the allegation that Defendants' made false statements regarding the nature and value of a degree in criminal justice from UOP. *See* Compl. ¶¶ 28, 34-37, 39-43, 49-51, 54-58, 60-69. What is more, these claims all relate to the same set of misrepresentations—namely, that a degree in criminal justice from UOP would enable Hall to find work as an FBI special agent

5

Case No.: 14-CV-01404-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

and that UOP credits would be transferable to "any" learning institution.[4] *See id.* Accordingly, the Court will discuss these claims as a group.

A claim of fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988) (internal quotation marks omitted).

Initially, the Court finds that Hall's fraud claims based on Defendants' representation that Hall's degree would allow her to obtain a job with the FBI are untimely. In California, fraud claims must be brought within three years after the plaintiff discovers the facts giving rise to the fraud. Cal. Civ. P. Code § 338(d). Hall alleges that she applied for a job with the FBI beginning in 2008. Compl. ¶ 28. Accordingly, Hall must have learned in 2008 that her criminal justice degree was insufficient to qualify her for a position as an FBI special agent. Hall did not file this case until March 2014, more than three years since she first applied for a job with the FBI. ECF No. 1. Therefore, Hall's fraud claims arising out of this alleged misrepresentation are barred by the statute of limitations and must be dismissed.

Hall's fraud allegations based on Defendants' representation that Hall's UOP criminal justice credits would be transferable to any other learning institution fail as well. For one thing, it is unclear whether claims based on this representation are time-barred. Although Hall claims that she did not discover that Defendants' representation regarding the transferability of credits were false until October 2011, when she attempted to transfer her credits to law school, *e.g.*, Compl. ¶ 28, this allegation is not, by itself, sufficient to establish that her claims are timely. Under California's "discovery rule," a cause of action does not accrue "until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). In

---

[4] Although Hall additionally claims that Defendants falsely represented that she would enjoy lifetime access to UOP's student resource centers, none of Hall's fraud-based causes of action attempts to state a claim based on this alleged misrepresentation. Accordingly, the Court will discuss this allegation only as it relates to Hall's contract claims. *See infra* Part III.B.

6

Case No.: 14-CV-01404-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

order for this rule to apply, however, a plaintiff must plead facts to show "the inability to have made earlier discovery *despite reasonable diligence*." *Id.* at 808 (emphasis added) (internal quotation marks omitted). Thus, for her claims to be timely, Hall must explain why she could not, through the exercise of reasonable diligence, have discovered her fraud claims based on Defendants' purported misrepresentation regarding transferability of credits prior to October 2011. The Complaint contains no such allegations of diligence.

In any event, even if Hall's fraud claims regarding transferability of credits are timely, the claims fail because the purported misrepresentation—that *other* learning institutions *would* accept Hall's criminal justice credits from UOP, *see, e.g.*, Compl. ¶¶ 30, 32—is a prediction concerning future events and the actions of third parties, rather than a statement regarding an existing fact. "Generally, actionable misrepresentation must be one of existing fact; predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud." *Cohen v. S & S Constr. Co.*, 151 Cal. App. 3d 941, 946 (1983) (internal quotation marks omitted). There are exceptions to this rule where: (1) one party holds himself out to be specially qualified and the other party reasonably relies upon the former's superior knowledge; (2) the opinion is by a fiduciary or other trusted person; or (3) a party states his opinion as an existing fact or as implying facts that justify a belief in the truth of the opinion. *See id.* However, Hall does not allege that any of these exceptions applies.[5] Accordingly, the Court finds that Hall fails to identify an actionable fraudulent statement with respect to her claims arising out of Defendants' statement regarding the transferability of credits, and her fraud claims based on this statement must therefore be dismissed.

Finally, to the extent Hall seeks to bring fraud claims based on assorted other misrepresentations identified in the Complaint, the Court finds that Hall has failed to state a claim for fraud based on these additional misrepresentations. In particular, Hall repeatedly alleges that

---

[5] Hall does allege that an exception to the general rule that predictions of future events are not actionable fraud applies with regard to Defendants' purported misrepresentation that Hall's UOP degree would enable her to work as an FBI special agent. *See* Compl. ¶ 42. The Complaint contains no similar allegations with regard to Defendants' remaining purported misrepresentations.

7
Case No.: 14-CV-01404-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

Joan Rodrigues falsely stated in November 2004 that she had an MBA. *See, e.g.*, Compl. ¶¶ 39, 49. Any effort to state a claim for fraud based on this misrepresentation would fail for lack of reliance, a necessary element of a claim sounding in fraud. *See Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997) ("The elements of fraud that will give rise to a tort action for deceit are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e. to induce reliance; (d) *justifiable reliance*; and (e) resulting damage." (emphasis added) (internal quotation marks omitted)). Although Hall intimates that Rodrigues's false representation of her academic credentials played some role in convincing Hall to enroll in UOP, this allegation is belied by the fact that Rodrigues made the false statement *after* Hall's enrollment. *Compare* Compl. ¶ 14 (Hall began attending UOP in July 2004), *with id.* ¶ 28 (Rodrigues told Hall she possessed an MBA in November 2004). Consequently, Hall cannot bring fraud claims based on Rodrigues's allegedly false statement that Rodrigues had an MBA.

Hall also identifies numerous instances in which her professors allegedly misrepresented their academic and professional credentials. *See id.* ¶¶ 16-18. The Complaint appears to tie these misrepresentations to Hall's decision to enroll at UOP, but again, Hall alleges that her professors made these allegedly false statements *after* Hall enrolled and began coursework at UOP. *See id.* Accordingly, these statements cannot serve as a basis for Hall's fraud claims either.

In sum, the Court concludes that the Complaint's causes of action for fraud (claim 1), concealment (claim 4), reliance (claim 5), false promise (claim 8), intentional misrepresentation (claim 9), negligent misrepresentation (claim10), and opinions as statements of fact (claim 11) all fail to state a claim for purposes of Rule 9(b). Accordingly, the Court GRANTS Defendants' Motion to Dismiss these causes of action.

### B.     Contract (Claims 2 and 3)

Hall's second and third causes of action assert claims for breach of contract (claim 2) and breach of the implied covenant of good faith and fair dealing (claim 3). In California, "[t]he standard elements of a claim for breach of contract are: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall*

*St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008). Count 2 of the Complaint alleges that Hall and Defendants entered into an oral agreement on June 22, 2004, wherein Hall would pay for a UOP degree in criminal justice. Compl. ¶ 30. Hall further alleges that the essential terms of this oral agreement were that Hall would receive "[l]ifetime access to Student Resource Center . . . . Credits would be transferable to any learning institution . . . [and] [d]egree would qualify plaintiff to apply for special agent criminal justice position." *Id.* As Defendants point out, *see* Mot. at 7, this claim is barred by California's statute of frauds, which requires that any agreement "that by its terms is not to be performed within a year from the making thereof" be in writing in order to be enforceable. Cal. Civ. Code § 1624(a)(1); *see also, e.g.*, *Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th 1481, 1503 (2013) (concededly oral agreement that fell within statute of frauds not enforceable). The alleged agreement was for Hall to complete a multiyear criminal justice degree (and to receive "lifetime" access to UOP's student resource centers), something that by its terms was not to be completed within a year of entering the agreement. Accordingly, the agreement alleged in the Complaint comes within the statute of frauds and was required to be in writing. As Hall concedes that the agreement was oral, Compl. ¶ 30, Hall's breach of contract claim must be dismissed for failure to allege the existence of an enforceable contract.

The absence of a contract is also fatal to Hall's claim for breach of the implied covenant of good faith and fair dealing. *See Justo v. Indymac Bancorp*, No. 09-1116, 2010 WL 623715, at *7 (C.D. Cal. Feb. 19, 2010) ("Because the alleged oral contract is unenforceable under the statute of frauds, Plaintiffs' breach of implied covenant claim fails with respect to that contract." (citing *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683-84 (1988))). Accordingly, the Court GRANTS Defendants' Motion to Dismiss Hall's second and third causes of action.

### C.     Emotional Distress (Claims 6 and 7)

Hall's sixth and seventh causes of action assert claims for intentional (claim 6) and negligent (claim 7) infliction of emotional distress. "The tort of intentional infliction of emotional distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2)

9

Case No.: 14-CV-01404-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998). The conduct alleged must be "regarded as atrocious[] and utterly intolerable in a civilized society." *Id.* at 496.

Hall's allegations of extreme and outrageous conduct fall far short of what is necessary to state a claim for intentional infliction of emotional distress. Hall alleges that Defendants misrepresented the value of a UOP degree and that some of Hall's professors misrepresented their academic and professional credentials. Compl. ¶ 45. On its face, none of this conduct rises to the level of conduct that is "atrocious[] and utterly intolerable in a civilized society."

The elements of a claim of negligent infliction of emotional distress are: (1) the defendant engaged in negligent conduct; (2) the plaintiff suffered serious emotional distress; and (3) the defendants' negligent conduct was a cause of the serious emotional distress. *Butler-Rupp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1226 n.1 (2005). Moreover, "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985 (1993). "Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests." *Id.* The Complaint neither identifies any legal duty owed to Hall by Defendants, nor explains how Defendants' breach of any duty proximately caused Hall emotional distress.

Due to the above-described pleading deficiencies, the Court GRANTS Defendants' Motion to Dismiss Hall's sixth and seventh causes of action.

### D.     Invasion of Privacy (Claim 12)

Hall's final claim is for invasion of privacy. Compl. ¶ 71. Hall claims that on February 22, 2005, UOP Professor Lionel Rawlins ("Rawlins") "accosted Plaintiff [] in an elevator." *Id.* Hall does not provide any further details regarding this incident.

10

Case No.: 14-CV-01404-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

Under California law, four distinct types of conduct may give rise to liability for invasion of privacy: "(1) intrusion into private matters; (2) public disclosure of private facts; (3) publicity placing a person in a false light; and (4) misappropriation of a person's name or likeness." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 24 (1994). In order to state a claim for invasion of privacy based upon any one of these types of conduct, a plaintiff must allege: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Ruiz v. Gap, Inc.*, 380 F. App'x 689, 692 (9th Cir. 2010) (internal quotation marks omitted). "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Id.* (internal quotation marks omitted).

The Complaint fails to state a claim for invasion of privacy. Hall has not alleged the existence of a legally protected privacy interest, a reasonable expectation of privacy, or conduct by Defendants invading her privacy. Indeed, the Complaint does not provide sufficient factual detail for the Court to understand what Hall means when she alleges that Rawlins "accosted" her. Accordingly, the Court concludes that Hall fails to state a claim for invasion of privacy and GRANTS Defendants' Motion to Dismiss Hall's twelfth cause of action.

### E.     Leave to Amend

The Court has serious misgivings about granting leave to amend in this case. Hall's Complaint is, in all material respects, identical to the Second Amended Complaint filed in the *Bernstein* case, which this Court has dismissed with prejudice. Case No. 13-CV-01701, ECF No. 284. However, as this is Hall's first complaint, and in light of the more liberal pleading standards that apply to *pro se* litigants, the Court will grant Hall leave to amend the Complaint. However, discovery in this case shall remain stayed until Hall files a complaint that can at least partially withstand a motion to dismiss. The Court further orders that the parties need not engage in a Rule 26(f) conference until after a complaint in this case survives a motion to dismiss.

## IV.   CONCLUSION

11

Case No.: 14-CV-01404-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss in its entirety without prejudice. Hall's Request to Schedule Rule 16 Scheduling Conference is DENIED. Discovery shall remain stayed. Should Hall elect to file an amended complaint, she shall do so within 21 days of this Order. Failure to meet the 21-day deadline or failure to cure the deficiencies identified in this order will result in a dismissal with prejudice. Hall may not add new claims or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: September 2, 2014

_____
LUCY H. KOH
United States District Judge